IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 18 CR 778 |
| | ) | Hon. Manish Shah |
| | ) | |
| KENNETH JOHNSON | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Pursuant to a plea agreement, the defendant, Kenneth Johnson, pled guilty to Count One of the information, theft of government funds, in violation of Title 18, United States Code, Section 641. Per Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, and shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant respectfully makes the following remarks to the Presentence Investigation Report prepared by the probation officer in this case, and asks this Court to consider the below-listed factors when imposing a sentence.

**Base Offense Level – Paragraph 16**

Section 2B1.1(a)(2) of the guidelines provides for a base offense level of six for this offense.

**Specific Offense Characteristic: Loss Amount – Paragraph 17**

The total loss for which Johnson is responsible is $363,064. Per USSG § 2B1.1(b)(1)(G), the offense level is increased 12 levels.

**Acceptance of Responsibility – Paragraphs 23 and 24**

Johnson has demonstrated acceptance of responsibility for his criminal conduct. He also timely notified the Government of his intention to plead guilty. Pursuant to USSG §§3E1.1(a) and (b), a three-level reduction is appropriate.

**Total Offense Level – Paragraph 25**

Johnson's properly-calculated total offense level is 15.

**Criminal History Calculation – Paragraph 30**

With zero criminal history points, Johnson is appropriately assigned to Criminal History Category I.

**Statutory Provisions – Paragraph 57**

The maximum term of imprisonment is ten years, per 18 U.S.C. §641.

**Appropriate Guideline Range – Paragraph 58**

With a total offense level of 15, and a criminal history of I, the properly-calculated guideline imprisonment range in this case is 18 to 24 months.

**History and Characteristics – Paragraphs 34-42**

Johnson and his seven siblings were born and raised in Chicago. He enjoyed a good childhood, and all of his basic needs were met. Johnson lost his father in 1991, and his mother in 1994. His siblings all still live in Chicago, except for a sister who resides in Jamaica.

Johnson has been married twice, and is currently in a long-term relationship. He has three children. His girlfriend, Alesia Franklin, works for the Chicago Police Department, and remains supportive of Johnson.

**Physical Health – Paragraphs 43-45**

Johnson was diagnosed with Crohn's Disease in 2000, for which he takes mesalamine daily. Last year, he developed a blood clot in his leg and lung, and was hospitalized. He presently takes Eliquis to prevent future blood clots. Johnson also experiences ongoing knee and back pain from old injuries, and has arthritis which affects the vertebrae in his spine.

Johnson has had colon re-section surgeries and knee surgery. He was hospitalized for a month in 2007 for a serious blood infection.

**Substance Abuse – Paragraphs 47-48**

Johnson has no history of substance abuse.

**Education – Paragraph 49**

In 1982, Johnson graduated from Quigley Prep South. For higher education, he attended Howard University, Loyola University in Chicago, and Lewis University.

**Employment – Paragraphs 50-52**

From 1986 to 2018, Johnson was a Chicago police officer. He retired as the Commander of the Seventh District. From 2012 to 2014, Johnson also worked for a private security company.

**Discretionary Supervised Release Conditions**

Johnson has no objection to the suggested conditions.

**Sentencing Considerations Pursuant to 18 U.S.C. § 3553(a)**

This offense conduct was motivated by greed. The circumstances of the offense will not recur. This felony conviction has adequately deterred Johnson. The

public does not need to be protected from further crimes of Johnson. Restitution will be ordered.

Essentially, this Court is left with fashioning a sentence that it feels will justly punish the offense. Considering Johnson's history and characteristics, the defense agrees with the probation office that a sentence of probation is sufficient, but not greater than necessary, to meet the objectives of sentencing.

**Conclusion**

WHEREFORE, based on the foregoing, the defendant, Kenneth Johnson, asks this Court for leniency when imposing sentence.

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288